O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EFRAIN BARAJAS AVALOS, ) | Case No. EDCV 07-00847-MLG |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| MICHAEL J. ASTRUE, ) Commissioner of Social ) Security, ) | |
| Defendant. ) | |

Plaintiff Efrain Barajas Avalos seeks judicial review of the Commissioner's denial of his application for Supplemental Security Income ("SSI") benefits. For the reasons stated below, the decision of the Social Security Commissioner is **AFFIRMED**.

**I. Facts and Procedural History**

Plaintiff was born on January 10, 1985. (Administrative Record ("AR") 59.) The extent of Plaintiff's education is unclear.[1] (AR 68).

---

[1] In a disability report completed by Plaintiff's sister, Plaintiff indicates that he completed twelfth grade and received a GED. (AR 68.) Citing this report, Plaintiff contends in the Joint Stipulation that he

Plaintiff has never worked (AR 62), and he claims he became disabled on June 1, 2004, due to mental illness. (AR 12.) Plaintiff has acknowledged a significant drug history, mostly involving methamphetamine but also including marijuana and alcohol. (AR 69, 115, 203.)

Plaintiff filed an application for SSI benefits on August 30, 2004, when he was 19 years old. (AR 12.) The Commissioner denied Plaintiff's application on January 19, 2005, (AR 30-34), and again on May 6, 2005, upon reconsideration. (AR 38-42.) Administrative Law Judge ("ALJ") Mason D. Harrell, Jr., held a hearing on February 1, 2007, at which Plaintiff testified and was represented by counsel. (Joint Stipulation ("Joint Stip.") 2.) A vocational expert and a medical expert also testified at the hearing. (AR 198.)

The ALJ denied Plaintiff's application on February 12, 2007, concluding that Plaintiff was not disabled under the Social Security Act. (AR 21.) The ALJ applied the five-step sequential analysis mandated by the Social Security Regulations[2] in reaching his decision. The ALJ found that Plaintiff's impairments, including his substance abuse, met the listing for organic mental disorder and substance abuse disorder, 20 C.F.R. § 404, Subpart P, Appendix 1, §§ 12.02, 12.09. (AR 15.) After

---

"completed 12 years of education and earned a GED certificate." (Joint Stip. 2.) On at least one other occasion, Plaintiff stated that he only completed the eleventh grade. (AR 114.) Plaintiff has also stated that he did not complete high school or get a GED, but that he cannot recall when he left school. (AR 202, 204-05.)

[2] The five steps involve the following inquiries: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairment is "severe"; (3) whether the impairment meets or equals one of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant is able to return to past relevant work; and (5) whether the claimant can do other types of work. 20 C.F.R. § 404.1520(a)(4). These steps are cumulative, meaning that the ALJ need not consider further steps after finding that a step does not favor the claimant.

evaluating the impact of Plaintiff's substance abuse on his impairments and finding that but for the substance abuse Plaintiff would be able to perform basic work activities, the ALJ determined that Plaintiff was not disabled and that he retained a Residual Functional Capacity ("RFC") to perform medium-level work with some limitations. (AR 17.) Specifically, the ALJ found that Plaintiff could lift or carry 50 pounds occasionally and 25 pounds frequently; stand, walk, or sit for about six hours out of an eight-hour workday; and perform simple and repetitive tasks, though he would be limited to reading and writing only simple English words and interacting infrequently with the public. (AR 17.) The ALJ concluded that a significant number of jobs existed in the national economy that Plaintiff could perform, and, accordingly he denied benefits. (AR 20-21.)

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on May 31, 2007. Plaintiff filed this action on July 25, 2007. (Complaint 1.) In a Joint Stipulation filed on March 31, 2008, Plaintiff alleges that the ALJ erred in three particulars: (1) that the ALJ improperly rejected the treating psychiatrist's opinion in reaching his disability determination; (2) that the ALJ failed to properly consider a treating clinician's assessment; and (3) that the ALJ posed an incomplete hypothetical to the vocational expert who testified at the hearing. (Joint Stip. 3.) Plaintiff asks this Court to order an award of benefits, or, in the alternative, to remand for a new administrative hearing. (Joint Stip. 12.)

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's

decision must be upheld if it is "supported by 'substantial evidence' and if the proper legal standard was applied." *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001)(citation omitted). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Impact of Drug Abuse on Social Security Cases**

In 1996, Congress passed the Contract with America Advancement Act of 1996, which amended portions of the Social Security Act defining disability for claimants suffering from alcoholism or drug addiction. Pub. L. 104-121 §§ 105(a)(1), 105(b)(1), 110 Stat. 847, 852-53 (1996) (codified at 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J)). Under the amended statute, a claimant is not considered disabled if alcoholism or drug addiction is "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C.A. § 423(d)(2)(C) (West 2004).

Before evaluating whether a claimant's alcoholism or drug abuse is a contributing factor material to the disability determination, the ALJ

must first consider whether the claimant's impairments, including symptoms arising from alcoholism or drug addition, would render the claimant "disabled" under the five-step sequential analysis mentioned above. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001)(noting that a finding of disability is a condition precedent to considering whether alcoholism or drug addiction is a contributing factor material to the disability)(citations omitted). If the ALJ determines that the claimant is not disabled at the end of the five-step sequential analysis, then no additional analysis is required, and the Commissioner may reject the claimant's application. On the other hand, if the ALJ concludes that the claimaint is disabled under the five-step analysis, then the ALJ must consider the impact of the claimant's alcohol or drug use on the disability finding.

The key factor in determining whether alcoholism or drug addiction is a contributing factor material to disability is whether the claimant would still be disabled if he stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). If the claimant's remaining limitations would still be disabling, then drug addiction or alcoholism is not a contributing factor material to the disability. *Id.; Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007). If the remaining limitations would not be disabling, then the claimant's substance abuse is material and the ALJ must deny benefits.

**IV. Discussion**

The ALJ determined that Plaintiff was not disabled under the Social Security Act because his drug use was a contributing factor material to the determination that he was disabled. Plaintiff does not specifically identify this determination as a disputed issue warranting reversal of

the ALJ's decision, but he does note his disagreement with this finding, stating that the ALJ "focused primarily on the Plaintiff's history of substance abuse..., which the record clearly indicates is in full remission." (Joint Stip. 3-4.) Because the ALJ's decision rests entirely on the conclusion that Plaintiff's mental illness stems from his drug abuse and Plaintiff contends that his drug abuse is in remission, the Court must first determine whether the ALJ's conclusion is supported by substantial evidence in the record.

### A. Substantial Evidence Supports the ALJ's Decision that Plaintiff's Drug Abuse Is Not in Remission

In reaching his conclusion that Plaintiff's mental impairments arose from his drug abuse, the ALJ relied on the report of examining physician Louis A. Fontana, M.D., the testimony of a medical expert, Joseph M. Malancharuvil, Ph.D., and the psychiatric review technique assessment completed by Michael Skopec, M.D., and affirmed by K. Gregg, M.D. Dr. Fontana examined Plaintiff on December 8, 2004. In his report, Dr. Fontana noted:

> The claimant states that he has been using amphetamines for many years, by smoking or snorting. He initially states that he has not used "for a long time," and then states that he last used two months ago. He states that he uses marijuana occasionally, and drinks occasionally.

(AR 115.) Plaintiff also stated that "he has been arrested more than ten times, usually for drugs and being under the influence." (AR 114.) Dr. Fontana diagnosed drug-induced psychosis and amphetamine abuse, in early full remission, which means that "for at least 1 month, but for less than 12 months, no criteria for [substance] Dependence or Abuse have been met." *See Diagnostic and Statistical Manual of Mental Disorders*

6

*(DSM-IV)* 180 (American Psychiatric Ass'n eds., 4th ed. 1994). Dr. Skopec, a consulting physician determined on January 13, 2005, that Plaintiff suffered from drug-induced psychosis, and he noted mild functional limitations. (AR 123, 133.) Dr. Gregg affirmed Dr. Skopec's assessment on May 4, 2005. (AR 123.)

Dr. Malancharuvil testified at the hearing that, if Plaintiff's substance abuse ended, his mental impairments would improve. (AR 17.) Additionally, the ALJ stated:

> Dr. Malancharuvil testified that although there is no positive evidence that after December 2004 ... the claimant uses drugs, there are no tests indicating that he is sober. There is also no evidence of rehabilitation or other drug treatment. Therefore, it is a likely assumption that the claimant is not sober.

(AR 15.)

Although Plaintiff contends that the record "clearly indicates" that his drug abuse is in full remission, the only evidence he cites to support this assertion is a note written by his treating physician, Jeremiah Umakanthan, M.D., in a July 2004 psychiatric evaluation. (Joint Stip. 4; AR 162.) Dr. Umakanthan indicated in this evaluation that Plaintiff's alcohol and methamphetamine abuse were in early full remission. (AR 162.) However, this evaluation does not support Plaintiff's claims of continued remission, because five months later, in December 2004, Plaintiff admitted to Dr. Fontana that he had used drugs two months before. Moreover, Dr. Umakanthan's early full remission assessment was entirely based on Plaintiff's subjective reports that he had not used drugs recently rather than any objective test showing Plaintiff to be drug-free. Plaintiff identifies no other evidence

7

indicating that his methamphetamine or other drug abuse is in remission.

The claimant bears the burden of showing that the alcoholism or drug addition is not a contributing factor material to the disability determination. *Parra*, 481 F.3d at 748. The sole piece of evidence Plaintiff identifies to support his unverified and unproven claims of sobriety is undermined by his later admission of more recent drug use. The ALJ's decision that Plaintiff's drug abuse has a continuing impact on his mental impairments is supported by substantial evidence in the record.

The Court now turns to the disputed issues expressly identified in the Joint Stipulation. As discussed above, Plaintiff raises three claims: (1) that the ALJ did not properly consider the treating physician's opinion; (2) that the ALJ did not properly consider the treating clinician's assessment; and (3) that the ALJ posed an incomplete hypothetical to the vocational expert. Because the analysis for the first and second issues are closely related, the Court will address them jointly.

**B. The ALJ Properly Considered the Treating Physician and Clinician's Clinical Assessments**

Plaintiff contends that the ALJ failed to properly consider Dr. Umakanthan's psychiatric evaluation, which indicated that Plaintiff had poor hygiene, he was aggressive, agitated, and anxious, his insight and judgment was poor, and his memory was impaired. (Joint Stip. 3.) Dr. Umakanthan diagnosed Plaintiff with psychotic disorder, not otherwise specified, and antisocial personality disorder. (*Id.*) Plaintiff argues that "Dr. Umakanthan has determined that the Plaintiff has a mental impairment that can cause limitations, which will affect his ability to work." (*Id.* at 4.)

Similarly, Plaintiff argues that the ALJ failed to properly consider the June 21, 2004, assessment of Davis Powell, M.F.T., which indicated that Plaintiff's speech was rambling and confused at times, that Plaintiff had difficulty concentrating, and that he had memory problems, among other things. (Joint Stip. 7.) Mr. Powell diagnosed Plaintiff with psychotic disorder, not otherwise specified. (*Id.*) Although Plaintiff acknowledges that Mr. Powell is not an "acceptable" medical source,[3] he contends that the ALJ erred by failing to address his opinion as significant and probative evidence of Plaintiff's work limitations and the severity of his impairments. (*Id.* at 8.)

The basic assumption of Plaintiff's arguments is that the ALJ rejected Dr. Umakanthan's and Mr. Powell's opinions. As Plaintiff correctly noted, a treating physician's opinion is generally entitled to greater weight than non-treating physicians' opinions, and the ALJ must provide either clear and convincing reasons or specific and legitimate reasons for rejecting that opinion, depending on the context. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)(citations omitted).

In this case, however, the ALJ did not actually reject either of their opinions. The ALJ concluded that Plaintiff's mental impairments, including symptoms arising from drug use, met the listings and rendered him disabled. Only after discounting Plaintiff's drug use, as the law requires, did the ALJ determine that Plaintiff was not disabled. Neither Dr. Umakanthan nor Mr. Powell explicitly stated or even suggested that Plaintiff's mental impairments were completely unrelated to his drug use, and both reference Plaintiff's extensive drug history in their

---

[3] The Court will not address whether and to what extent the ALJ is required to weigh a clinician's treatment notes and diagnoses based on a single visit, because the Court finds that the ALJ's treatment of that opinion was proper in any case.

treatment notes. That Dr. Umakanthan chose to treat Plaintiff's psychotic symptoms and essentially ignored his considerable history of drug abuse does not compel the conclusion that Dr. Umakanthan did not believe that drugs played a role in Plaintiff's impairments. The Court declines to read this conclusion into Dr. Umakanthan's treatment notes and create a conflict where none necessarily exists. Moreover, it does not appear that Dr. Umakanthan ever expressed an opinion as to the cause of Plaintiff's mental impairments, whether drug-induced or otherwise. Had Dr. Umakanthan or Mr. Powell ever stated that Plaintiff's mental impairments existed independently of his drug use, then Plaintiff's argument might have some heft.

In essence, Plaintiff's argument requires a basic premise to be true: that his drug abuse was in full remission by July 2004 and remained so thereafter. As discussed above, Plaintiff admitted he had used drugs around October 2004, several months after his supposed date of remission, and he has cited to no other evidence to support his remission claims. The ALJ's conclusion that Plaintiff continued to use drugs, which in turn led to his mental impairments, is supported by substantial evidence. Dr. Umakanthan's treatment notes do not conflict with this conclusion and instead simply reflect the symptoms of a drug-induced psychosis.

The Court concludes that the ALJ properly considered the treating physician's and clinician's opinions.

**C. The ALJ Posed a Proper Hypothetical to the Vocational Expert**

Plaintiff contends that the hypothetical the ALJ presented to the vocational expert at the hearing did not include "the mental impairments and limitations determined by Dr. Umakanthan ... or the findings by clinician Davis Powell." (Joint Stip. 10.) Plaintiff argues that the ALJ

accordingly erred by relying on the vocational expert's testimony that a significant number of jobs exist in the national economy that Plaintiff could perform. (*Id.*)

A hypothetical posed to a vocational expert must contain all the limitations of a particular claimant. *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)(citations omitted). If the hypothetical fails to reflect all of the claimant's limitations, the vocational expert's testimony cannot support a finding that the claimant could perform jobs in the national economy. *See id.* The ALJ need only include in the hypothetical those limitations that are supported by substantial evidence in the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

As discussed above, if a disabled claimant's medical records reveal a substance abuse problem, the ALJ must determine whether alcoholism or drug addiction is a contributing factor material to the determination of disability. 20 C.F.R. §§ 404.1535(a), 416.935(a); *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). The key inquiry is determining whether the claimant would still be disabled if he stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). The ALJ relied on the vocational expert's testimony to evaluate the availability of jobs in the national economy that Plaintiff could do if he *were not* abusing drugs or alcohol. As discussed above, Plaintiff has failed to establish that the symptoms described by Dr. Umakanthan and Mr. Powell arose when Plaintiff's drug abuse was in remission, and, accordingly, their reports do not illuminate Plaintiff's likely limitations when he is in remission. The ALJ properly excluded mention of those symptoms in the hypothetical, which assumed Plaintiff was not using drugs or alcohol.

The Court concludes that the ALJ posed an appropriate hypothetical to the vocational expert that contained the appropriate limitations as discussed by the examining and reviewing physicians and the medical expert. The ALJ properly relied on the vocational expert's opinion, and the decision is supported by substantial evidence in the record.

**V. Conclusion**

Plaintiff has failed to satisfy his burden of showing that his drug use is not a contributing factor material to the disability determination. The ALJ's decision is supported by substantial evidence in the record. For these reasons and those stated above, the decision of the Social Security Commissioner is **AFFIRMED**.

DATED: April 9, 2008

_____

MARC L. GOLDMAN
United States Magistrate Judge